IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BLITZSAFE TEXAS, LLC,** § | |
| § | |
| § | Case No. 2:19-cv-00403-JRG |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **NAVISTAR, INC. and NAVISTAR** § | |
| **INTERNATIONAL CORP.,** § | |
| § | |
| **Defendants.** § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff, Blitzsafe Texas, LLC, and Defendants, Navistar, Inc. and Navistar International Corp., hereafter referred to as "the Parties,"[1] believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be

---

[1] "Parties" shall also include any other parties that are added to this Action and served with process in accordance with the Federal Rules of Civil Procedure.

designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL", "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer

and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the

---

to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel ("in-house counsel" includes attorneys or members of the legal staff or the intellectual property department of a party or of a party's parents, subsidiaries, or commonly controlled companies") for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of all publications authored in the previous ten years and a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition as required by Federal Rule of Civil Procedure 26(a)(2)(B), as well as an identification of any current consulting relationships in the automotive industry or relationships in the automotive industry that the expert or consultant has had in previous five years, if known and reasonably available to such expert or consultant, at least seven (7) days before access to the Protected Material is to be given to that consultant or expert, during which the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

  (f)  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

  (g)  the Court (including any Court-appointed mediators or advisors) and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases)

("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g). However, in-house counsel pursuant to paragraph 5(c) may access non-technical RESTRICTED – ATTORNEYS' EYES ONLY Protected Material if such in-house counsel exercise no competitive decision-making authority on behalf of the client, and they may do so only pursuant to Federal Rule of Evidence 408 and for the purposes of settlement negotiations. Prior to disclosing such Protected Material to in-house counsel, the party seeking to disclose such Protected Material must identify it to the owner/producer of such material for approval. The owner/producer of such material will have five (5) days to object to such disclosure in good faith. If the Parties are unable to resolve any objection, the Party seeking to disclose the Protected Materials to in-house counsel may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking to compel review by in-house counsel.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access by in-house counsel pursuant to paragraph 5(c) shall be prohibited;

    (b) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) shall be connected to (i) dual computer screens, (ii) a connected mouse, and (iii) a printer. Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or a location mutually agreed upon by the receiving Party and the producing Party (the "Review Facility"). The stand-alone computer may be password protected. The Review Facility shall be reasonably accessible to the receiving Party;

(c)   No outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure stand-alone computer room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room.

(d)   In order to verify that its Source Code has not later been altered, the Producing Party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

(e)   The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(f)   Each time Counsel for the receiving party requests a review of Source Code on the Source Code Computer, it must give at least one business day (and at least 24 hours) notice to the Counsel for the Producing Party that it will be sending individual(s) authorized to review the Source Code made available on the Source Code Computer. The Receiving Party shall identify all individuals who will be given access to the Source Code at least seven days prior to any inspection, after which time the Producing Party may object to providing Source Code access to any persons so identified;

(g)   Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure facility or the Source Code Computer may be denied, at the discretion of Producing Party, to any individual who fails to provide proper identification;

(h)   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(i)   The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above and will install freely available software tools on the stand-alone computer for purposes of the review

7

(including but not limited to software to perform searches of the Source Code Material), upon request by the reviewing Party;

(j) The receiving Party may, at its own expense, request that the producing Party install software on Source Code Review computer(s) to perform searches of the Source Code Material, provided that such other software is necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein. The receiving Party must provide the producing Party with appropriate access to such software tools(s) at least five (5) days in advance of the date upon which the receiving Party wishes to have the additional software available for use on the Source Code Review computer(s). Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s) (e.g., enable connection and use of USB thumb drives). The receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the producing Party's Source Code Material. In no event shall tools be installed on the stand-alone computer that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any Source Code Material. The receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing Party) on the Source Code Review computer(s) without first submitting a written request and obtaining the producing Party's agreement to the request;

(k) Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include a limited number of the outside consultant's or expert's direct reports and other support personnel, identified to the producing party in advance of being provided access to such code, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(l)   To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(m)   Except as set forth in paragraph 10(r) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(n)   The receiving Party shall be permitted to have printed by the producing Party portions of Source Code Material reasonably anticipated by the receiving Party to be necessary for use in, and preparation for, court filings and proceedings, infringement or invalidity contentions, expert reports, and depositions of persons or entities permitted access to "RESTRICTED CONFIDENTIAL SOURCE CODE" information of the producing Party, and such other uses to which the parties may agree or that the Court may order. The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Review computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code Materials in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence. The receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed. In considering what is reasonable, the receiving Party shall not, in general, ask that more than 50 consecutive or 150 total pages per product or version—with a page being one that has at least 35 lines of code—of Source Code Material be printed. In the event that a producing Party believes that a particular printing request is unreasonable, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement. If they cannot resolve the issue, either Party may seek an order from the Court;

(o)   The producing Party will provide any printed paper copies to the requesting Party within five (5) business days of the requesting Party's request, unless otherwise agreed or the producing Party objects to the request. The receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form. Each page of any printed copies of Source Code Material shall be printed on nonwhite, colored paper. After printing, the producing Party shall clearly label each page of any printed copies

"RESTRICTED CONFIDENTIAL SOURCE CODE" and give each page a unique identification number.

(p) All paper copies shall returned or be securely destroyed upon the request of the producing party if they are no longer necessary in the Litigation (e.g., extra copies at the conclusion of a deposition). Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

(q) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(r) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(s) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(k) above to another person authorized under paragraph 10(k) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(k) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11. **Prosecution/Acquisition Bar**: Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise

learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. However, nothing in this Order precludes persons with access to HIGHLY SENSITIVE MATERIAL from participating in *inter partes* review proceedings, re-examinations, interference proceedings, or covered business method reviews before the U.S. Patent and Trademark Office, provided that any person who reviews, in whole or in part, the contents of HIGHLY SENSITIVE MATERIAL produced by another Party may not advise, consult, or participate in the drafting of amended or substitute claims in the proceeding, and, will not use any of the Producing Party's Protected Material in the proceeding. Additionally, no person who accesses HIGHLY SENSITIVE MATERIAL may participate or assist in the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, pertaining to the field of the invention of the patents-in-suit on behalf of Blitzsafe Texas, LLC or Blitzsafe of America, Inc. during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons who obtain, receive, or otherwise learn of HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit; participate or assist in the

    acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense pertaining to the field of the invention of the patents-in-suit; or advise, consult, or participate in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims in a USPTO Proceeding, it being understood that counsel participating in the prosecution of a USPTO proceeding may continue to participate in the USPTO even after any action is taken to advise, consult, or participate in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims, provided that one or more other attorneys, who had not had access to HIGHLY SENSITIVE MATERIAL shall be solely responsible for advising, consulting, or participating in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims, limited to the field of the invention. This provision shall not bar entire firms, rather only the individuals who actually receive and review a Party's HIGHLY SENSITIVE MATERIAL.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege,

doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. The Parties agree that the applicable provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 shall apply to any inadvertent disclosure of information.

13. Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft expert reports, notes, outlines, or disclosures leading up to a final expert report are discoverable in whatever form. In addition, where a Party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product, or other privilege) and thus not discoverable:

   (a) Correspondence between such independent consultants or experts and a party or its outside counsel;

   (b) Drafts of expert reports, declarations, or any other materials drafted by or for such independent consultants or experts; and

   (c) Communications between such independent consultants and experts and a party or its outside counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition.

Such protections provided herein are to be construed to be in addition to, and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)–(4). Nothing herein,

however, limits the rights of Parties to obtain any document an expert relied upon in forming his or her opinions or examine an expert concerning such information, which information shall not be privileged.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any

portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is

proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other

material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed, except that outside counsel for each Party may maintain for its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, one copy of all expert reports, and one copy of all discovery responses which contain or refer to DESIGNATED MATERIAL. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the

Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So Ordered this**
Jun 9, 2020

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **BLITZSAFE TEXAS, LLC,** | § § | |
| Plaintiff, | § § | Case No. 2:17-cv-00403-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| **NAVISTAR, INC. and NAVISTAR INTERNATIONAL CORP.,** | § § § § § | |
| Defendants. | § § | |

### APPENDIX A
### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

    My current employer is _____.

    My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____